

**FILED**
**May 14, 2025**
**08:12 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | |
|---|---|
| **Tucker Umberger,** ) | **Docket No. 2024-60-5331** |
| **Petitioner,** ) | |
| **v.** ) | **State File No. 860297-2024** |
| **Michael Ignatz d/b/a Attention to** ) | |
| **Details, LLC,** ) | **Judge Kenneth M. Switzer** |
| **Respondent.** ) | |

---

## EXPEDITED HEARING ORDER

---

The Court held an expedited hearing on May 6, 2025, where Tucker Umberger requested medical and temporary disability benefits from Michael Ignatz d/b/a Attention to Details, LLC.

Mr. Umberger suffered serious injuries from a significant fall at a construction project. He claimed Mr. Ignatz was his employer. Mr. Ignatz admittedly did not have workers' compensation insurance and contended that Mr. Umberger was an independent contractor.

The Court holds Mr. Umberger would likely prevail at trial in showing that he was an employee and therefore he is entitled to medical benefits. In addition, Mr. Umberger satisfied the eligibility requirements for discretionary benefits from the Uninsured Employers Fund.

### Claim History

*Proof at trial*

Mr. Umberger testified that Mr. Ignatz hired him to do construction work. He said that at the time, Mr. Ignatz told him that he had insurance, a great deal of work to do, and that the job might afford future opportunities.

1

Mr. Umberger worked for approximately one month before the accident. He described a work environment characterized largely by Mr. Ignatz controlling his and other workers' activities, their workdays and hours worked. If Mr. Ignatz took a day off, no one worked. Mr. Ignatz decided each day which tasks they would perform and in what order under his supervision, "coaching" them on how he wanted things done. Mr. Umberger said, "I was never allowed to work on my own time and pace on my own. I was paid by the hour and never by the job." Mr. Ignatz paid him $25 per hour and provided most tools and supplies, except for Mr. Umberger's own screw gun and corded saw.

For his part, Mr. Ignatz testified that he has never had any W-2 employees and his operation is "not big enough." He never made Mr. Umberger complete an application and did not even know his last name. Mr. Ignatz said the work is inconsistent and available only when he needs help. He gave no worker a paycheck, he said, but rather paid them in cash or by a mobile phone payment app, and he gave them 1099s at year's end. Mr. Ignatz said he is a sole proprietor and a "handyman that was fortunate enough to get some bigger jobs[.]"

As he was laying subflooring with Mr. Ignatz on May 28, 2024, Mr. Umberger fell and landed on his neck and upper back. An ambulance transported him for emergency treatment. At the hospital, he was diagnosed with a "[f]all from high place," and fractures to his upper sternum, ribs, thoracic spine, and cervical spine.

Early in his treatment, Mr. Umberger learned that Mr. Ignatz's insurance did not include workers' compensation, so he was offered financial aid from the hospital. The June 1 discharge notes state that he fell "from a deck moving a board," and that Mr. Umberger's spine fractures would be treated non-surgically. He said that meant wearing a neck brace that significantly hampered his movements, and he was essentially bedridden for several weeks.

Mr. Umberger underwent some follow-up treatment, including a visit with Dr. Scott Zuckerman and a physician assistant on July 30. They described him as using a "rigid cervical collar" and showing improvement, although further diagnostic treating was necessary. Mr. Umberger said he was unable to continue treating when the financial assistance ran out. Mr. Umberger offered no medical bills or admissible proof of when he was taken off work.[1]

Mr. Umberger healed over time and began working as a truck driver on March 19, 2025.

---

[1] Mr. Umberger offered two notes taking him off work, which were not admitted into evidence because they are signed by nurses rather than physicians. Tennessee Compilation Rules and Regulations 0800-02-21-.16(2)(b) (2023) states that medical records are admissible when signed by a physician or accompanied by a form signed by a medical provider or records custodian certifying that the records are true and accurate.

On August 7, 2024, Mr. Umberger filed a petition for benefit determination that gave his address in Antioch, Tennessee. On receipt, the Bureau investigated whether Mr. Ignatz had workers' compensation insurance. The Bureau's compliance specialist wrote a report stating that she "received an e-mail from the employer Michael Ignatz stating he does not have a Workers' Compensation policy." Mr. Ignatz confirmed this at the hearing but argued worker's compensation coverage was unnecessary because Mr. Umberger is an independent contractor.

Mr. Ignatz testified that he mistakenly believed the policy he had would cover any worker. He likewise did not know that he was required to have workers' compensation insurance. Mr. Ignatz expressed remorse over the accident and said he tried to help Mr. Umberger afterward, both financially and by driving him to some of his follow-up medical appointments.

*Admissions*

Mr. Umberger moved the Court to deem requests for admissions admitted under Rule 36 of the Tennessee Rules of Civil Procedure, which motion was heard at the expedited hearing.

Mr. Umberger argued that he sent his admissions to Mr. Ignatz on February 6, 2025, but Mr. Ignatz refused to respond. He wrote, "You were not an employee. So I can't fill out the form. You were a subcontractor." Mr. Umberger further asserted that since Mr. Ignatz did not respond within the 30 days that the rule allows, the Court should deem his admissions as fact.

Rule 36 states in relevant part: "A party may serve upon any other party a written request for the admission . . . of the truth of any matters . . . that relate to . . . facts, the application of law to facts, or opinions about either[.]" The Appeals Board instructed on Rule 36 in *Holt v. Quality Floor Coverings,* 2022 TN Wrk. Comp. App. Bd. LEXIS 19, at *5-6 (May 6, 2022), concluding that the rule is "self-executing." The Board explained that the admissions are "automatically" deemed admitted 30 days after the requests are served unless the party receiving the requests acts in one of three ways as described under the rule. If none of those three events happens, "the statements are deemed admitted and are considered conclusively established unless the party to whom the requests were directed later moves for withdrawal or amendment of the admissions[.]" *Id.*

Here, Mr. Ignatz did not respond to the requests for admissions, so Mr. Umberger's motion is unopposed, well-taken, and granted. The following admissions are summarized and deemed admitted.

- On May 28, 2024, Mr. Umberger was Mr. Ignatz's employee.

- Mr. Ignatz operated a construction company and was building a two-story high deck and screened-in sunroom with a roof. He did not have the required workers' compensation insurance on the date of injury.
- Mr. Umberger fell from a two-story deck while working for Mr. Ignatz.
- Mr. Ignatz witnessed the fall and had notice of Mr. Umberger's work injury.
- The medical conditions and symptoms described by the emergency department providers were caused primarily by Mr. Umberger's work accident.
- Mr. Umberger could not work as a result of the injuries sustained on May 28, 2024.
- Mr. Umberger's average weekly wage is $1,000 while working for Mr. Ignatz.
- Mr. Ignatz provided no cash benefits other than $1,600.
- The medical care Mr. Umberger received was reasonable, necessary, and primarily related to the injuries he sustained from the fall on May 28, 2024, while working for Mr. Ignatz.

## Findings of Fact and Conclusions of Law

Mr. Umberger must show he is likely to prevail on his requests at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2024).

*Employee or independent contractor*

As a threshold matter, to recover workers' compensation benefits, Mr. Umberger must be an employee and not an independent contractor. *Thompsen v. Concrete Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 3, at *13 (Feb. 10, 2015). The analysis begins with the factors listed in section 50-6-102(10)(D)(i). They are: (a) the right of control over the conduct of the work; (b) the right of termination; (c) the method of payment; (d) the freedom to select and hire helpers; (e) the furnishing of tools and equipment; (f) self-scheduling of work hours; and (g) the freedom to offer services to other entities. Further, "[w]hile no single factor is determinative, the Tennessee Supreme Court has repeatedly emphasized the importance of the right to control[.]" *Thompsen,* 2015 TN Wrk. Comp. App. Bd. LEXIS 3 at *15.

Considering the applicable factors, Mr. Umberger credibly testified that Mr. Ignatz decided each day's tasks and supervised all workers as they performed their duties with his "coaching." Mr. Umberger never worked independently. Mr. Ignatz offered no contrary proof. Thus, the first, and "most important factor" per the Appeals Board, favors a finding that Mr. Umberger was an employee. *Id.* at *17.

As to the method of payment, Mr. Umberger was paid by the hour. Being paid

hourly rather than by completion of a job suggests an employment relationship. *See id.* at *19. Further, Mr. Ignatz's testimony that he gave Mr. Umberger a 1099 does not persuade the Court that he was an independent contractor, since "[t]he fact that a company did not deduct social security or income taxes is not a controlling factor in deciding whether an employer-employee relationship existed." *Id.* at *14. This factor favors a finding that Mr. Umberger was an employee.

As to the furnishing of tools and equipment, Mr. Ignatz provided all tools except for Mr. Umberger's screw gun and corded saw. In *Thompsen,* similarly, the worker brought "only small, personal tools" to the job site, while "large tools, power tools and equipment were supplied by the company," which suggested an employer-employee finding. This factor also favors Mr. Umberger as an employee.

Finally, regarding the scheduling of work hours, Mr. Umberger testified without contradiction that Mr. Ignatz set their hours and decided which days they would work. As in *Thompsen,* this supports the existence of an employer-employee relationship. *Id.* at *21.

Mr. Ignatz testified that he does not consider himself an employer for many reasons, such as his unfamiliarity with Mr. Umberger, the way that he pays workers, the project-by-project and inconsistent nature of the work he offers, and the size of his business operation. Of these, only the method of payment is a statutory factor, which the Court has found favors Mr. Umberger. But also, Mr. Ignatz's belief that he created an independent contractor relationship is irrelevant, as "Tennessee law is clear that the intent of the parties is not dispositive on this issue." *Id.* at *16.

In sum, the relevant factors all favor a finding that Mr. Umberger was an employee. Moreover, the Court has deemed Mr. Ignatz's admission on this question as admitted. The Court holds Mr. Umberger is likely to prevail at a hearing on the merits that he was Mr. Ignatz's employee.

*Injury arising out of employment and benefits*

The next question is whether Mr. Umberger suffered an injury arising primarily out of and in the course and scope of his employment with Mr. Ignatz. § 50-6-102(12). Mr. Umberger credibly testified that he was seriously injured from the fall at work, and he offered medical records to support that. For his part, Mr. Ignatz testified that the accident happened and in a frank moment said that he feared he would find Mr. Umberger dead from the fall. His admissions confirmed the accident's occurrence and that the injury arose primarily out of work.

The Court finds Mr. Umberger would likely prevail at trial in showing that the fall at work caused multiple, serious injuries and his need for treatment. Therefore, under section 50-6-204(a)(1)(A), Mr. Ignatz is required to furnish treatment made reasonably

necessary by the accident, free of charge to Mr. Umberger.

Mr. Ignatz did not offer treatment, so Mr. Umberger was forced to treat on his own. He has established a doctor-patient relationship with Dr. Zuckerman. The Court holds that Mr. Ignatz must pay for all future reasonable, necessary, and work-related treatment with him or other providers at the hospital where he treated. *See Young v. Young Elec.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *18-19 (May 25, 2016) (Where an employer refuses to provide timely treatment in a compensable claim, the employee is justified in seeking treatment on his own and is entitled to continue treating with his established doctor as an authorized physician.).

Turning now to temporary total disability benefits, Mr. Umberger must show: (1) he became disabled from working due to a compensable injury; (2) a causal connection between the injury and his inability to work; and (3) the period of his disability. Temporary total disability benefits are terminated by the ability to return to work. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Applying this authority, the testimony, medical records, and admissions confirm that Mr. Umberger suffered multiple, serious fractures from the fall at work. He credibly testified that he wore a brace to heal for several weeks that curtailed his movement and very likely prevented him from working. However, he did not offer admissible proof of a physician taking him off work or conveying the duration of disability. He may obtain this proof and renew this request at a later expedited hearing (potentially on the record under Rule 0800-02-21-.15(1)(e)) or the compensation hearing.

*Uninsured Employers Fund*

Finally, construction services providers in Tennessee are required to have workers' compensation insurance on all employees. § 50-6-902. By his own admission, the Court finds Mr. Ignatz failed to carry workers' compensation insurance at the time of Mr. Umberger's injury. The fact that he did not know about this requirement is unfortunate, and his attempts to assist Mr. Umberger to some degree after the accident are laudable. But those facts cannot shield him from the consequences.

If Mr. Ignatz does not provide the required benefits, the Uninsured Employers Fund has discretion to pay limited medical and temporary disability benefits if certain criteria are met. (See the attached Benefits Request Form). Mr. Umberger must establish that he: 1) worked for an uninsured employer; 2) suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015; 3) resided in Tennessee on the date of injury; 4) notified the Bureau of the injury and Mr. Ignatz's lack of coverage within 180 days of the injury; and 5) secured a judgment for workers' compensation benefits against Mr. Ignatz. § 50-6-801(d)(1)-(5).

The Court finds that Mr. Umberger worked for an uninsured employer, Mr. Ignatz, and holds he is likely to prove at a hearing on the merits that he suffered an injury arising primarily in the course and scope of employment on May 28, 2024. Mr. Umberger was a Tennessee resident on that date, and he notified the Bureau within 180 days of the injury about Mr. Ignatz's lack of insurance. This order serves as a judgment for benefits.

Thus, the Court holds that Mr. Umberger satisfied the requirements of section 50-6-801(d). He may complete and submit the form for consideration of a discretionary payment through the Uninsured Employers Fund.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Ignatz shall pay for all future reasonable, necessary, and work-related treatment for Mr. Umberger with Dr. Zuckerman or other providers at the hospital where he treated for the May 28, 2024 injury.

2. Mr. Umberger is eligible to request benefits from the Uninsured Employers Fund, *awarded at the Administrator's discretion* under section 50-6-802(e)(1). To do so, he must complete and file the attached form.

3. The Court sets a Status Hearing on **September 8 at 10:15 a.m. Central Time**. You must call 615-532-9552 or 866-943-0025 to participate.

4. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by section 50-6-239(d)(3). Mr. Ignatz must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for noncompliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

ENTERED May 14, 2025.

_Kenneth M. Switzer_
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

7

**APPENDIX**

Exhibits:
1. Expedited Request for Investigation Report
2. Composite medical records
3. Affidavit of Tucker Umberger

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on May 14, 2025.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| Tucker Umberger, petitioner | | X | X | tuckerkentmusic@gmail.com<br>87 Shepherd Hills Dr.<br>Madison TN  37115 |
| Michael Ignatz, respondent | X | X | X | attentiontodetailstn@gmail.com<br>8915 Ramblewood Dr.<br>Coral Springs Florida 33071 |
| Uninsured Employers Fund | | | X | Lashawn.pender@tn.gov |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## <u>Parties</u>

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*